UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA V.,

                Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. C18-955 JCC

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting her treating provider's opinion and failing to account for all her limitations. Dkt. 9. As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

I.      BACKGROUND

Plaintiff is currently 62 years old, has a limited education, and has worked as a cashier, bartender, cleaner, laborer, and caregiver. Dkt. 7, Administrative Record (AR) 22-23. Plaintiff applied for benefits in December 2014. AR 89. She alleges disability as of February 1, 2015. AR 13. Plaintiff's applications were denied initially and on reconsideration. AR 87, 88, 115, 116. After the ALJ conducted a hearing in March 2017, the ALJ issued a decision finding

Plaintiff not disabled. AR 33, 13-24.

II. THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the February 2015 alleged onset date.

Step two: Plaintiff has the following severe impairments: depression, degenerative disc disease, irritable bowel syndrome (IBS) with Barrett's esophagus, and history of colon resection.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform light work, lifting and carrying 20 pounds occasionally and 10 pounds frequently. She can stand, sit, and walk for 6 hours each daily. She can never climb ladders, ropes, or scaffolds, and can perform all other postural activities frequently. She must avoid concentrated exposure to pulmonary irritants and hazards. She will require a 10-minute bathroom break once a week in addition to usual and customary breaks. She has sufficient concentration, persistence, and pace for simple, routine tasks and for well-learned complex and detailed tasks after a learning period.

Step four: Plaintiff can perform past relevant work as a cashier and bartender.

Step five: In the alternative, as there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

AR 15-24. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.

III. DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings

---
[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff contends the ALJ erred by failing to incorporate into the RFC certain limitations in opinions given great weight, and by rejecting the opinions of her treating provider, Clare Cloutier, PA-C.

### A. Ability to Learn Complex and Detailed Tasks

In initial consideration of Plaintiff's applications, state agency nonexamining doctor Leslie Postovoit, Ph.D., reviewed Plaintiff's records. AR 95. In the category of understanding and memory limitations, Dr. Postovoit opined that Plaintiff was "[m]oderately limited" in the ability to understand and remember detailed instructions, and further explained that Plaintiff "retains the capacity to understand and remember simple 1-3 step instructions…. However, [Plaintiff] would not be able to consistently understand and remember instructions that are more detailed than this." AR 98, 111. In the category of concentration and persistence limitations, Dr.

Postovoit also opined that Plaintiff was "[m]oderately limited" in the ability to carry out detailed instructions, and further explained that Plaintiff was "[c]apable of simple and well learned complex work…." AR 99, 112. On reconsideration of Plaintiff's applications, nonexamining doctor Diane Fligstein, Ph.D., concurred with Dr. Postovoit's opinions. AR 128, 142.

The ALJ gave "great weight" to Dr. Postovoit's and Dr. Fligstein's opinions. AR 21. Plaintiff argues that the ALJ erred by failing to incorporate a limitation to one to three step tasks, which would limit her to unskilled work. Dkt. 9 at 4-6. The Commissioner contends that the RFC adequately accounts for Dr. Postovoit's and Dr. Fligstein's opinions. Dkt. 12 at 2-4. The RFC states that Plaintiff "has sufficient concentration, persistence, and pace for simple, routine tasks and for well-learned, complex and detailed tasks, i.e., after a learning period she could do the complex and detailed tasks." AR 17.

An ALJ is permitted to translate medical opinions into an RFC formulation, "where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Here, the ALJ reasonably interpreted Dr. Postovoit's and Dr. Fligstein's opinions to mean that, while Plaintiff could not remember detailed instructions on first hearing them, after an introductory learning period the instructions would become "well-learned" and Plaintiff could then perform them. This interpretation is rational and consistent with the opinions and thus, even if other interpretations are also rational, the ALJ's interpretation must be upheld. *See Burch*, 400 F.3d at 680-81.

The Court concludes the ALJ did not err in incorporating Dr. Postovoit's and Dr. Fligstein's opined limitations into the RFC.

**B.     Clare Cloutier, PA-C**

In January 2016, Plaintiff's treating provider Ms. Cloutier opined that Plaintiff was

limited to sedentary work. AR 613. She opined that chronic back pain caused the "[i]nability" to sit, stand, walk, lift, carry, push, pull, reach, stoop, or crouch, and "anxiety/depression" caused significant interference with the ability to communicate. AR 612. Ms. Cloutier also opined that during episodes of IBS or kidney stones Plaintiff was unable to work, and "COPD/chronic cough" caused significant to very significant interference with Plaintiff's ability to walk "during exacerbations." *Id.*

Under the regulations applicable to this case, a physician assistant is not considered an acceptable medical source. 20 C.F.R. §§ 404.1502(a)(8), 416.902(a)(8). An ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014). The ALJ gave Ms. Cloutier's opinions "little weight" because Ms. Cloutier provided "little explanation" and the opined limitations conflicted with Plaintiff's activities and with clinical findings. AR 21-22. The ALJ also found that kidney stones and IBS did not occur frequently enough to prevent Plaintiff from working, a finding Plaintiff does not challenge. AR 21.

The ALJ's finding that Ms. Cloutier provided little explanation was unsupported by substantial evidence. Ms. Cloutier explained exactly which of Plaintiff's conditions caused which limitations. Her opinion that chronic back pain interfered severely with sitting, standing, walking, lifting, and carrying was obviously the basis of her opinion that Plaintiff was limited to sedentary work. AR 612-13. The error was harmless, however, because ALJ's other reasons, discussed below, are germane.

        1.    <u>Activities</u>

Conflict with a claimant's activities "may justify rejecting a treating provider's opinion." *Ghanim*, 763 F.3d at 1162. The ALJ noted that Plaintiff reported helping her daughter clean for

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 5

nine hours. AR 22. In September 2015, Plaintiff told Ms. Cloutier that, two weeks prior, she had been cleaning her daughter's condo for nine hours when her back locked up. AR 786. And in March 2016, Plaintiff went to the emergency department because, after helping her daughter clean for nine hours, when she got out of bed her back locked up. AR 679. Plaintiff argues that, because the activity induced an exacerbation of symptoms, it does not contradict Ms. Cloutier's opinions. Dkt. 9 at 14, Dkt. 13 at 7. However, even setting aside Plaintiff's choice to repeat the activity that reportedly exacerbated her back impairment, Plaintiff's ability to clean for nine hours contradicts Ms. Cloutier's opinion that she is completely unable to stand, walk, lift, or carry.

The Court concludes the ALJ did not err by discounting Ms. Cloutier's opinions based on conflict with Plaintiff's activities.

### 2. Clinical Findings

Conflict with the medical record can justify rejecting a medical opinion. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ discounted Ms. Cloutier's opinions because clinical findings show Plaintiff "can ambulate independently and has fair pain control with medication." AR 22. Plaintiff argues that clinical findings of tenderness and decreased range of motion support Ms. Cloutier's opinions. Dkt. 13 at 6-7. Nevertheless, it is the ALJ's role to resolve conflicting medical evidence. *Andrews*, 53 F.3d at 1039. Although some of the evidence in the record may support Ms. Cloutier's opinions, some does not. As long as the ALJ's findings are supported by substantial evidence, the Court may not disturb them. *Trevizo*, 871 F.3d at 674. Ms. Cloutier's treatment notes typically noted "[n]o distress." *See*, *e.g.*, AR 595, 598, 603. Plaintiff's back pain was "stable" on medication. AR 599. Plaintiff herself reported going for walks, and no treatment notes document any difficulty walking. AR

565. While other conclusions from the record are possible, substantial evidence supports the ALJ's findings that Plaintiff walked without difficulty and her back pain was adequately controlled, which in turn support her conclusion that Ms. Cloutier's opinions conflicted with the evidence in the record. The Court concludes the ALJ did not err by discounting Ms. Cloutier's opinions as unsupported by the record.

### 3. Harmless Error Analysis

Although the ALJ provided one invalid reason (lack of explanation), the two valid reasons (conflict with Plaintiff's activities and with the record) are germane and thus adequate to uphold the ALJ's decision. *See Molina*, 674 F.3d at 1117 (error harmless if "inconsequential to the ultimate disability determination"); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony was harmless because "remaining valid reasons supporting the ALJ's determination are not 'relatively minor'"). The Court concludes the ALJ did not err by discounting Ms. Cloutier's opinions.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

DATED this 18th day of March, 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7